Conn. Child.'s Med. Ctr. v. Cont'l Cas. Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-three.

PRESENT:  RAYMOND J. LOHIER, JR.,
              MYRNA PÉREZ,
              ALISON J. NATHAN,
                   *Circuit Judges*.

------------------------------------------------------------------

CONNECTICUT CHILDREN'S MEDICAL CENTER, CONNECTICUT CHILDREN'S SPECIALTY GROUP, INC.,

      *Plaintiffs-Appellants*,

     v.                      No. 22-322

CONTINENTAL CASUALTY COMPANY, CNA FINANCIAL CORPORATION,

      *Defendants-Appellees.*

------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS:    R. CORNELIUS DANAHER, JR. (Thomas J. Plumridge, *on the brief*), DanaherLagnese, PC, Hartford, CT

FOR DEFENDANTS-APPELLEES:    KANNON K. SHANMUGAM (Brian M. Lipshutz, *on the brief*), Paul, Weiss, Rifkind, Wharton & Garrison LLP, Washington, DC (H. Christopher Boehning, Paul Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, Kevin F. Buckley, Mound Cotton Wollan & Greengrass LLP, New York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiffs-Appellants Connecticut Children's Medical Center and Connecticut Children's Specialty Group, Inc. appeal from a January 21, 2022 judgment of the United States District Court for the District of Connecticut (Meyer, J.) dismissing their complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Like many hospitals around the country, Plaintiffs-Appellants continued to provide essential healthcare services during the COVID-19 pandemic but suspended elective procedures and other non-essential healthcare services due to the "imminent risk of transmission of the [COVID-19] virus." App'x 17; see App'x 96. Meanwhile, they "clean[ed], steriliz[ed], and reconfigur[ed] [their properties] so as to mitigate damages posed by the presence of SARS-CoV-2." App'x 17. Plaintiffs-Appellants sought but did not receive coverage against resulting business losses and expenses under their "all-risk" insurance policy issued by Defendants-Appellees Continental Casualty Company and CNA Financial Corporation. Plaintiffs-Appellants then sued Defendants-Appellees, seeking declaratory relief and damages for breach of contract and breach of the covenant of good faith and fair dealing under Connecticut law. The District Court granted Defendants-Appellees' motion to dismiss, concluding that Plaintiffs-Appellants failed to "allege[] facts to plausibly show a 'direct physical loss or damage' to their property," as required for coverage under the insurance policy's business interruption provision and extra expense provision. App'x 96. The District Court also faulted Plaintiffs-Appellants for failing to "cite any particular order that required them to evacuate or decontaminate any of their locations," as required for coverage under the insurance policy's disease

contamination provision.  App'x 107 (emphasis in original).

**I.    Direct Physical Loss**

Plaintiffs-Appellants argue that they are entitled to coverage under the insurance policy's business interruption and extra expense provisions because the term "direct physical loss" does not require tangible alteration of property. They contend that "loss of use" can qualify as "direct physical loss," and that, even if an alteration to tangible property was required, the COVID-19 virus "transformed [their properties] into potential viral incubators that were imminently dangerous to human beings."  Pls.-Appellants' Br. 19–24.

These arguments are foreclosed by the Connecticut Supreme Court's decision in Connecticut Dermatology Group, PC v. Twin City Fire Insurance Company, 346 Conn. 33 (2023), which was issued during the pendency of this appeal.  The plaintiffs in Connecticut Dermatology raised virtually identical arguments for coverage under a materially identical insurance policy.  Rejecting the plaintiffs' interpretation of the policy as "not reasonable," id. at 63, the Connecticut Supreme Court held that "the plain meaning of the term 'direct physical loss of . . . [p]roperty' does not include the suspension of business operations on a physically unaltered property in order to prevent the transmission of the coronavirus," id. at 51.  Rather, "the phrase . . . clearly and

4

unambiguously means that there must be some physical, tangible alteration to or deprivation of the property that renders it physically unusable or inaccessible." Id.; see also Hartford Fire Ins. Co. v. Moda, LLC, 346 Conn. 64, 72 (2023) (companion case reiterating Connecticut Dermatology's holding). We therefore reject Plaintiffs-Appellants' argument that their suspension of operations alone constitutes a "direct physical loss."

Plaintiffs-Appellants alternatively argue that their property was, in fact, "physically altered by the direct physical presence of the virus on surfaces or the air." App'x 17. But the Connecticut Supreme Court rejected this theory of coverage in Connecticut Dermatology as well, reasoning that the pandemic "did not create a situation in which the properties would pose an imminent danger to anyone who entered them," but "[r]ather, any danger would be created by people who gathered within the buildings." 346 Conn. at 57. In particular, the Connecticut Supreme Court explained that "even if the plaintiffs had claimed that their properties were actually contaminated by the coronavirus, we find persuasive the cases that have held that the virus is not the type of physical contaminant that creates the risk of a direct physical loss because, once a contaminated surface is cleaned or simply left alone for a few days, it no longer poses any physical threat to occupants." Id. at 59. Moreover, the insured parties

5

in Moda did claim that their property was contaminated, and the Connecticut Supreme Court held that "[c]ontamination with the SARS-CoV-2 virus, even if it could be proved, is not sufficient to establish that the [covered property was] physically lost or damaged within the meaning of the [insurance] policy." 346 Conn. at 74.

In sum, bound by the Connecticut Supreme Court's holding on the meaning of the phrase "direct physical loss" under Connecticut law in this context, we agree with the District Court that Plaintiffs-Appellants failed to plausibly allege a "direct physical loss or damage" to their property. Therefore, they failed to plausibly allege coverage under the policy's business interruption provision and extra expense provision.

## II. Disease Contamination Coverage

The insurance policy at issue also provided "disease contamination coverage" for "necessary and reasonable costs incurred" by Plaintiffs-Appellants "as a result of an evacuation or decontamination order at a location by . . . [a] governmental authority because of the discovery or suspicion of a communicable disease or the threat of the spread of a communicable disease." App'x 84. The policy defines "location" as "[t]he area within legal boundaries of the premises . . . in which the Insured has an interest." App'x 73. In their complaint,

6

Plaintiffs-Appellants described government responses to the pandemic only at a general level and failed to allege that any specific government order required them to evacuate or decontaminate their properties. In addition, the state executive orders referenced in the complaint are not orders that required Plaintiffs-Appellants to evacuate or decontaminate their properties. We therefore agree with the District Court that Plaintiffs-Appellants failed to state a claim with respect to Defendants-Appellees' denial of disease contamination coverage.

We have considered Plaintiffs-Appellants' remaining arguments and conclude that they are without merit. The judgment of the District Court is AFFIRMED.[1]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] On appeal, Plaintiffs-Appellants moved to certify two questions regarding the scope and meaning of "direct physical loss" to the Connecticut Supreme Court. See ECF Nos. 23, 83. In light of the Connecticut Supreme Court's intervening decision in Connecticut Dermatology, which answered both of their proposed questions, we deny the motion to certify.

7